AO 102 (01/09) Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

In the Matter of the Tracking of
*(Identify the person to be tracked or describe the object or property to be used for tracking)*
A 2019 White Chevrolet Silverado, bearing Oklahoma license plate PFT-344, Vehicle Identification Number 3GCUYEED2KG256447

Case No. M-25-85 -CMS

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of 21 U.S.C. § 841, 846. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

- ☑ The person, property, or object is located in this district.
- ☐ The activity in this district relates to domestic or international terrorism.
- ☐ The person, property, or object is not now located in this district, but will be at the time of execution.
- ☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
A a 2019 White Chevrolet Silverado, bearing Oklahoma license plate PFT-344, Vehicle Identification Number 3GCUYEED2KG256447 located at 4007 South Independence Avenue, Oklahoma, City

☑ Delayed notice of 90 days (give exact ending date if more than 30 days: 06/19/2025 ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

[signature]
*Applicant's signature*

Sam Spencer, Special Agent, FBI
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: February 4, 2025

[signature] Chris M. Stephens
*Judge's signature*

City and state: Oklahoma City, Oklahoma

Christopher M. Stephens, U.S. Magistrate Judge
*Printed name and title*

**WESTERN DISTRICT OF OKLAHOMA**

**OKLAHOMA CITY, OKLAHOMA**

| | | |
|---|---|---|
| **STATE OF OKLAHOMA** | ) | |
| | ) | **No. M-25-**85**-CMS** |
| **COUNTY OF OKLAHOMA** | ) | |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A TRACKING WARRANT

I, Sam Spencer, Special Agent (SA) of the Federal Bureau of Investigation (FBI), United States Department of Justice, being duly sworn, depose and state as follows:

## INTRODUCTION AND OFFICER BACKGROUND

1. I make this Affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device on a 2019 White Chevrolet Silverado, bearing Oklahoma license plate PFT-344, Vehicle Identification Number 3GCUYEED2KG256447, registered to Rosa Lujan at 4007 South Independence Avenue, Oklahoma City, Oklahoma, ("the **SUBJECT VEHICLE**").[1] Based on the facts set forth in this Affidavit, I believe that the

---

[1] Rosa Lujan has been identified as the wife of Hector Lujan Pena (LUJAN), the primary target of this investigation. All vehicles associated with LUJAN are registered to his wife, Rosa. LUJAN and his wife store the **SUBJECT VEHICLE** at their primary residence on Independence Avenue,

**SUBJECT VEHICLE** is presently being used in furtherance of the distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1), and a conspiracy to do the same, in violation of 21 U.S.C. § 846, and that there is probable cause to believe that the installation of a tracking device on the **SUBJECT VEHICLE** and use of the tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes, as well as to the identification of individuals who are engaged in the commission of those and related crimes.

2. I have been employed by the FBI since July 2018, and have been a Special Agent since August 2023. I am currently assigned to the Oklahoma City Division, where I have been involved in a wide variety of investigative matters, including numerous investigations targeting large criminal enterprises, most of which involved the unlawful distribution of narcotics in violation of 21 U.S.C. §§ 841(a)(1) and 846.

3. Through my training and experience, I have become familiar with the methods and operation of drug distributors, including their common organizational structures; use of violence; methods of manufacturing distributing, storing, and transporting drugs; and methods of collecting and laundering drug proceeds. As part of my investigative experience as an FBI Special Agent, I have executed search and arrest warrants, conducted physical

---

however, LUJAN uses his other property for his drug-related activities. That property is a rural property located on South Goff Avenue in Oklahoma City.

surveillance, coordinated controlled purchases with confidential sources, analyzed records documenting the purchase and sale of illegal drugs, and spoken with informants and subjects, as well as other local and federal law enforcement officers, regarding the manner in which drug distributors obtain, finance, store, manufacture, transport, and distribute their illegal drugs.

4. The facts set forth below are based upon my own personal observations, reports and information provided to me, the Oklahoma City Police Department (OCPD), or the FBI by other law enforcement agents or government agencies, and other documents obtained during the course of this investigation. All of the below-described dates, times, and drug and currency amounts are approximate.

5. The facts in this Affidavit are based upon my personal observations, my training and experience, reports provided to me by other law enforcement officers, and statements made by witnesses and other concerned parties. Since this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, I have not included each and every fact known to me concerning this investigation.

## PROBABLE CAUSE

6. Special Agents and Task Force Officers (TFOs) with the FBI are currently conducting a joint investigation with investigators from Oklahoma City Police Department's (OCPD) Street Narcotics Unit (SNU) targeting Hector

Lujan Pena (LUJAN)—whom law enforcement knows to be distributing cocaine in the Oklahoma City area. The current investigation into LUJAN began around December of 2024 when a confidential human source (CS1) informed investigators that LUJAN was selling cocaine from his Oklahoma City property, located on South Goff Avenue in Oklahoma City.[2] LUJAN was identified as the source of supply for an Oklahoma City bar called La Cantina. Law enforcement has been investigating La Cantina since June 2024 after receiving information that it was a distribution point, selling LUJAN's cocaine to its customers. That portion of the investigation has resulted in the arrest and indictment of five (5) individuals who were part of a cocaine drug conspiracy in this district.

7. CS1 reported that LUJAN receives approximately fifty (50) kilograms of cocaine on a weekly basis directly from Mexico, and maintains the ability to return the product to Mexico if he is unsatisfied with the quality of it. LUJAN then distributes those kilograms of cocaine from his property on South Goff Avenue. LUJAN has also been known to distribute kilograms of cocaine at a nearby Alon Gas station which is located at the intersection of Southwest

[2] CS1 provided information to law enforcement voluntarily and was not promised anything in exchange for his/her cooperation. Information provided by CS1 has been reliable to the best of my knowledge.

29th Street and South Dumas Avenue and has used the **SUBJECT VEHICLE** to travel to the transactions.

8. On December 19, 2024, a GPS ping, pen register and trap and trace device was installed on LUJAN's phone using phone number 405-326-7636. During the collection period LUJAN has been very active using both WhatsApp and traditional calls and texts in his routine communications. LUJAN contacted a wide variety of individuals whose numbers included area codes in Oklahoma, Texas, New York, and Mexico. A majority of these communications are short – sometimes no more than thirty seconds in length. In my training and experience, communications to establish a time and place to complete a drug transaction are short in nature, and kept that way in order to limit the amount of conversation held over the phone.

9. During the collection period and with the aid electronic surveillance, LUJAN has been observed traveling to rural parts of Oklahoma and once Texas in the **SUBJECT VEHICLE**. Further, each time LUJAN travels away from the Oklahoma City area in **SUBJECT VEHICLE**, he tows a large, enclosed trailer. Additionally, each of these trips involve an early-morning departure and a late-night return, most recently on January 25, 2025.

10. Through the use of electronic surveillance, law enforcement has observed many of LUJAN's suspected customers at his South Goff Avenue property. These people arrive, park on the street, and then walk to the gate of

the property. Sometimes they are immediately met at the gate by someone and, after engaging that person, they return to their vehicle and depart the premises. Sometimes the customers are allowed through the gate and onto the property. Additionally, LUJAN has been observed departing the South Goff Avenue property in **SUBJECT VEHICLE** for short trips, sometimes returning to the property within fifteen (15) minutes.

11. On the morning of December 28, 2024, **SUBJECT VEHICLE** was parked at LUJAN's South Independence Avenue residence. Later that morning, electronic surveillance observed **SUBJECT VEHICLE** departing the South Goff Avenue property towing the large, enclosed trailer. Shortly after that, LUJAN's GPS pings depicted travel to the Mazie, Oklahoma area, returning directly to the property at approximately 12:57 a.m. the following morning. LUJAN traveled in the **SUBJECT VEHICLE** again two weeks later, this time to the area of Mount Pleasant, Texas. LUJAN's GPS pings reflected travel to Texas and directly back to the South Goff Avenue property two days later. Most recently, on January 25, 2025, LUJAN took another trip to Mazie, Oklahoma in the **SUBJECT VEHICLE**, leaving just before 7:00 a.m. and returning again after midnight the following morning.

12. A cooperating defendant (CD1) that has been arrested in association with this case stated that some of the short-stay customers would

arrive at the South Goff Avenue property at the same time as CD1 to pick up their respective kilograms of cocaine from LUJAN.[3]

13. Based on my training, experience, and observing multiple events similar to this, I believe that LUJAN is utilizing the **SUBJECT VEHICLE** to transport quantities of cocaine to his property at 2901 South Goff Avenue, where he distributes that kilogram-quantities of cocaine to his customers. I also believe that he uses the **SUBJECT VEHICLE** to transport cocaine to meet customers elsewhere such as the Alon gas station.

14. Based on the foregoing, law enforcement believes a GPS tracking device installed on the **SUBJECT VEHICLE** would help identify several facets of the cocaine distribution network that LUJAN is involved in. For example, a tracking device on the **SUBJECT VEHICLE** would help law enforcement learn the other locations LUJAN may be selling cocaine at and help identify his source of supply and other customers.

15. To help ensure the safety of the executing law enforcement officer(s) and to avoid premature disclosure of the investigation, it is requested that the Court authorize law enforcement officers to apply the tracking device, perform maintenance on the tracking device, and/or remove the tracking device during

[3] CD1 provided information to law enforcement voluntarily and was not promised anything in exchange for his/her cooperation. Information provided by CD1 has been reliable to the best of my knowledge.

both daytime and nighttime hours. As noted above, the **SUBJECT VEHICLE** appears to be kept at LUJAN's residence, 4007 South Independence Avenue, Oklahoma City, Oklahoma, and other locations, and thus law enforcement's odds of being discovered in the course of installing a tracking device during daytime hours is significant.

16. In the event the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days following installation of the device. The tracking device may produce signals from inside private garages or other such locations that are not open to public or visual surveillance.

## AUTHORIZATION REQUEST

17. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members of the FBI or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device on the **SUBJECT VEHICLE** within the Western District of Oklahoma within the ten (10) days of issuance of the proposed warrant, to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from the **SUBJECT VEHICLE** after the use of the tracking device has ended, and to monitor the tracking device for a period of 45 days

following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Western District of Oklahoma.

18. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 90 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. This is an ongoing investigation that involves several subjects. It is anticipated that this investigation may continue for several additional months. Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

**FUTHER THE AFFIANT SAYETH NOT.**

SAM SPENCER
Special Agent
Federal Bureau of Investigation (FBI)

Subscribed and sworn to before me this 4th day of February, 2025.

CHRISTOPHER M. STEPHENS
United States Magistrate Judge
Western District of Oklahoma